IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JEFFERY MARTIN SIERZEGA,           )<br>                                                            )<br>            Plaintiff,            )<br>                                                            )<br>      v.                                              )<br>                                                            )<br>JOHN L. COLLINS, RONALD W. STONE, )<br>CAROL E. JONES, DIRK L. PIERSON, P.C., )<br>                                                            )<br>            Defendants.            ) | Civil No. 05-1532-KI<br><br>OPINION AND ORDER |

KING, Judge:

Plaintiff Jeffery Martin Sierzega, proceeding *pro se*, filed this action against Judge John L. Collins, Judge Ronald W. Stone, Judge Carol E. Jones, and Dirk L. Pierson. The court issued an Order to Proceed In Forma Pauperis which provided that if plaintiff submitted summonses and U.S. Marshal Process Return and Receipt Forms, the clerk shall issue process, with service made by the U.S. Marshal's Office. Plaintiff failed to submit summonses and U.S. Marshal Process Return and

Page 1 - OPINION AND ORDER

Receipt Forms. On March 1, 2006, the court issued an Order to Show Cause directing plaintiff to explain in writing by March 15, 2006 why this case should not be dismissed for want of prosecution. Plaintiff has failed to comply with the Order to Show Cause. Plaintiff filed his written response to the Order to Show Cause on March 16, 2006, a day later than the due date.

Even if I did not dismiss this case on the basis that plaintiff failed to respond to the Order to Show Cause in a timely manner, I note that it is unlikely plaintiff would prevail in this action. The entirety of plaintiff's claim is as follows:

> Relief Requested–The Yamhill County Circuit Court has deprived me of an association with my only child, denied me a fair and impartial hearing, denied me due process of law in an ongoing civil and criminal conspiracy and intends to do so again tomorrow in a modification proceeding before a circuit court judge that has been disqualified from acting in any judicial capacity in case # DO-010924 State of Oregon v. Gallagher and Sierzega. Dirk L. Pierson, petitioners attorney has abused process by serving me with a false writ of assistance to recover a child. Yamhill County does not have jurisdiction over this case. Case record falsified.

As an initial matter, plaintiff has failed to comply with the Federal Rules of Civil Procedure, which require plaintiff to set out "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a). It is unclear how plaintiff believes Judges Collins, Stone, and Jones have violated his due process rights because plaintiff has not provided a short and plain statement of the claim against each of them.

Furthermore, judges are typically immune from liability for damages and suit for "acts committed within their judicial jurisdiction." Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000) (quoting Pierson v. Ray, 386 U.S. 547, 553-54 (1967)); Mireles v. Waco, 502 U.S. 9, 11 (1991). If the judge has jurisdiction to perform the "general act" in question, the judge is immune even if the act is erroneous, the act has consequences that injure the plaintiff, and irrespective of the

Page 2 - OPINION AND ORDER

judge's motivation. Harvey, 210 F.3d at 1012. Judicial immunity is not lost by allegations that a judge conspired with one party to rule against another party. Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996).

As for the claim against Dirk Pierson, no federal jurisdiction supports an action against him. Both plaintiff and Pierson are Oregon residents. In addition, 42 U.S.C. § 1983 requires that the action be brought against "a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A lawyer is generally not considered to be "a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981). The Supreme Court has held that even a court-appointed public defender does not act under color of state law and therefore is not liable for damages under 42 U.S.C. § 1983. Briscoe v. LaHue, 460 U.S. 325, 330 n.6 (1983). A privately retained attorney is even more removed from the state than is a public defender; his or her license to practice law does not put him or her "so close to the core of the political process as to make him a formulator of government policy." In re Griffiths, 413 U.S. 717, 729 (1973).

Accordingly, this case is dismissed without prejudice for want of prosecution.

IT IS SO ORDERED.

DATED this 21st day of March, 2006.

/s/ GARR M. KING
GARR M. KING
United States District Judge